Filed: 2/18/21  P. v. Taylor CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B305210 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA150313) |
| v. | |
| HERBERT TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Affirmed as modified.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Kathy S. Pomerantz, Deputy Attorney General for Plaintiff and Respondent.

————————————

A jury convicted Herbert Taylor of attempted premeditated murder and related crimes.  On appeal Taylor contends the court prejudicially erred in responding to a question submitted by the jury during deliberations.  We modify the court's minute order to properly reflect the sentence imposed and, as modified, affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Information*

An information filed November 12, 2019 charged Taylor with attempted premeditated murder (Pen. Code, §§ 187, subd. (a); 664),[1] shooting at an inhabited vehicle (§ 246) and possession of a firearm by a felon (§ 29800, subd. (a)(1)).  The information specially alleged as to the attempted murder count Taylor had acted with premeditation and deliberation (§ 664, subd. (a)) and had personally used and intentionally discharged a firearm (§ 12022.53, subds. (b), (c)).  It also specially alleged Taylor had suffered a prior conviction for a serious felony within the meaning of section 667, subdivision (a)(1), and the three strikes law (§§ 667, subds. (b)-(j), 1170.12).

2. *The Evidence at Trial and the Jury's Question*

Taylor was angry with his friend Rickey Cole for purchasing from a third party three paintings Taylor believed were his.  Standing in the street in front of Cole's car as Cole attempted to drive away, Taylor raised his gun and fired two shots at Cole.  The bullets hit the lower front panel of the car.  Cole was not injured.  Taylor's defense at trial was that he was not the shooter.

---

[1]    Statutory references are to this code.

2

During deliberations the jury submitted written questions to the court, asking, "If you are shot at, is it automatically attempted murder?" "Could it be attempted assault?" The prosecutor urged the court to answer the questions simply by referring to CALCRIM No. 600, the instruction previously given on attempted murder.[2] Defense counsel proposed responding "no" to the first question and then referring to the instruction. The court rejected defense counsel's proposal, explaining, "I do not want to say no to the first part of the question although technically no would be the correct answer. However, I don't want the court's answer of no to be construed by the jury as not guilty on attempted murder. Because you never know exactly what the jurors are asking. . . . I think referring them to the jury instruction would clearly indicate that the answer would be no. But I want them to reach that conclusion and not take what I say to be what their verdict should be."

---

[2]    CALCRIM No. 600, as given to the jury, provided, "The defendant is charged in Count 1 with attempted murder. [¶] To prove that the defendant is guilty of atempted murder, the People must prove that: [¶] 1. The defendant took at least one direct but ineffective step toward killing another person; [¶] AND [¶] 2. The defendant intended to kill that person. A *direct step* requires more than merely planning or preparing to commit murder or obtaining or arranging for something needed to commit murder. A direct step is one that goes beyond planning or preparation and shows that a person is putting his or her plan into action. A direct step indicates a definite and unambiguous intent to kill. It is a direct movement toward the commission of the crime after preparations are made. It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance oustide the plan had not interrupted the attempt."

3

The court answered the jury in writing, "The jury instruction on attempted murder must guide the jury in answering the first question.  The jury is to consider only the charges in this case and reach a verdict, if you can, based only on the evidence and the law provided."

3. *The Verdict and Sentence*

Soon after receiving the court's written response, the jury convicted Taylor on all counts and found true the special allegations relating to premeditation and firearm-use.  After Taylor admitted the truth of the prior conviction allegation, the People moved to dismiss the more serious firearm-use allegation under section 12022.53, subdivision (c), which the court had indicated it intended to strike in furtherance of justice.

The court sentenced Taylor to an aggregate state prison term of life with a minimum parole eligibility of seven years for attempted premeditated murder, plus 10 years for the firearm-use enhancement under section 12022.53, subdivision (b).  The court imposed a concurrent term of three years for the offense of being a felon in possession of a firearm and stayed sentence on the offense of firing into an occupied vehicle pursuant to section 654.

**DISCUSSION**

1. *Governing Law and Standard of Review*

Section 1138 provides, "After the jury have retired for deliberation . . . if they desire to be informed on any point of law arising in the case, they must require the officer to conduct them into court.  Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney, and the defendant or his counsel, or after they have been called."  The Supreme Court has explained, "The

4

court has a primary duty to help the jury understand the legal principles it is asked to apply. [Citation.] This does not mean the court must always elaborate on the standard instructions. Where the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information. [Citation.] Indeed, comments diverging from the standard are often risky." (*People v. Beardslee* (1991) 53 Cal.3d 68, 97; accord, *People v. Cleveland* (2004) 32 Cal.4th 704, 755; see *People v. Smithey* (1999) 20 Cal.4th 936, 984-985 [a trial court may satisfy its duty to respond to the jury's question by referring it to instructions already given if those instructions are full and complete and adequately answer the jury's question on the facts of the case].)

When, as here, there is no dispute as to the propriety of the instructions provided to the jury, we review the court's response to the deliberating jury's questions for abuse of discretion. (See *People v. Waidla* (2000) 22 Cal.4th 690, 745-746 ["[a]n appellate court applies the abuse of discretion standard of review to any decision by a trial court to instruct, or not to instruct, in its exercise of its supervision over a deliberating jury"]; *People v. Fleming* (2018) 27 Cal.App.5th 754, 765 [same].)

2. *The Court Properly Responded to the Jury's Question*

"'Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing.'" (*People v. Sanchez* (2016) 63 Cal.4th 411, 457.) Unlike murder, which may be accomplished with implied malice, attempted murder requires a specific intent to kill. (*Ibid.*; *People v. Gonzalez* (2012) 54 Cal.4th 643, 653

["[w]hile implied malice murder does not require an intent to kill, *attempted murder* does require a specific intent to kill"].)

In contending the trial court's response to the jury's question was deficient, Taylor argues the court "failed to address the jur[y]'s legal concern regarding the relationship between [Taylor] firing the gun at Cole and his intent to kill and likely allowed the jurors to have convicted [Taylor] of the attempted murder on a legally erroneous implied malice theory."

Taylor's contention the jury may have convicted him on the basis of an implied malice theory is without merit. No theory of implied malice was argued; no instruction on implied malice was given; and no confusion following the court's appropriate response to the jury's question is reflected in the record. In telling the jury the answer to its hypothetical question could be found by referring to CALCRIM No. 600, which properly instructed the jury that attempted murder required a finding of "a definite and unambiguous intent to kill," and reminding them to consider only the charges in this case, the court correctly responded to the question without creating any undue confusion. No abuse of discretion occurred, nor is Taylor able to demonstrate prejudice. Indeed, the jury found true the special allegation Taylor had acted with premeditation and deliberation, eliminating any possibility the jury convicted him based on a mens rea that was something other than a specific intent to kill.

3. *Clarification of the Court's Sentence*

Although the court correctly identified Taylor's sentence for attempted premeditated murder as life with a minimum parole eligibility of seven years in both its oral pronouncements and its minute order (see § 664, subd. (a); *People v. Robbins* (2018) 19 Cal.App.5th 660, 678), plus 10 years for the firearm-use

6

enhancement (§ 12022.53, subd. (b)), the court also referred to the aggregate state prison sentence as 17 years to life, a description included in the court's minute order albeit not in the abstract of judgment. This was incorrect. (See *People v. Wong* (2018) 27 Cal.App.5th 972, 977, fn. 4 [the "common shorthand" courts have used to describe a life sentence with a minimum parole eligibility date of seven years as seven years to life "is incorrect because it indicates a minimum term exists, rather than a minimum parole eligibility"]; *People v. Robinson* (2014) 232 Cal.App.4th 69, 72, fn. 3 ["[a] term of life with the possibility of parole does not have a minimum determinate term of seven years; rather, a person sentenced to such a term first becomes eligible for parole in seven years"].) This inaccurate description of the sentence must be corrected to eliminate potential confusion.

## DISPOSITION

We modify the court's minute order by striking the description of the sentence imposed on count 1 as 17 years to life so that the minute order properly reflects the intended sentence on that count of life with a minimum parole eligibility of seven years, plus 10 years for the firearm-use enhancement. As modified, the judgment is affirmed.

PERLUSS, P. J.

We concur:


SEGAL, J.          McCORMICK, J.[*]

---

[*]     Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7