Filed 6/18/26  P. v. Fair CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

|  |  |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH DOUGLAS FAIR,<br>        Defendant and Appellant. | C103621<br><br>(Super. Ct. No. 15F00003) |

Defendant Joseph Douglas Fair appeals from his Penal Code section 1172.75[1] resentencing.  He argues (1) the trial court abused its discretion in declining to dismiss his firearm enhancements by failing to afford great weight under section 1385, subdivision (c) to the mitigating factor that imposition of those enhancements would result in a sentence of 20 years or greater, and (2) the trial court improperly sentenced him to seven years to life for attempted murder instead of life with the possibility of parole.  We conclude defendant forfeited his first contention by failing to raise it below and the trial court properly sentenced him on his attempted murder conviction.

---

[1] Undesignated statutory references are to the Penal Code.

## BACKGROUND

Resolution of defendant's claims does not require detailed discussion of the underlying crimes. Following a fight between multiple people at a club, defendant shot the victim, rendering him a paraplegic.[2] A jury found defendant guilty of assault with a firearm (§ 245, subd. (a)(2); count one) and attempted murder (§§ 664/187, subd. (a); count two). As to count one, the jury found true that defendant used a firearm (§ 12022.5, subds. (a), (d)), personally inflicted great bodily injury (§ 12022.7, subd. (a)), and personally inflicted great bodily injury causing paralysis (§ 12022.7, subd. (b)). As to count two, the jury found true that defendant committed the attempted murder willfully, deliberately, and with premeditation (§ 664, subd. (a)), personally used a firearm (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharged a firearm, proximately causing great bodily injury (§ 12022.53, subd. (d)). As to both counts, the jury found true gang enhancements. (§ 186.22, subd. (b)(1).) In a bifurcated proceeding, the trial court found true two prior prison term enhancements. (§ 667.5, subd. (b).) The trial court sentenced defendant to 40 years to life plus two years in state prison.

This court affirmed defendant's convictions in 2018 but remanded the matter for the trial court to consider whether to strike any of the firearm enhancements based on amendments to sections 12022.53, subdivision (h) and 12022.5, subdivision (c) under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620). (*People v. Fair, supra,* C085633.) The trial court declined to modify defendant's sentence.

---

[2] On the court's own motion, we incorporate by reference our unpublished opinion in defendant's prior appeal in *People v. Fair* (Nov. 18, 2018, C085633) (nonpub. opn.). (See Cal. Rules of Court, rule 8.147(b).)

In August 2023, the trial court notified the parties that the Department of Corrections and Rehabilitation identified defendant as someone eligible for resentencing pursuant to section 1172.75. In his resentencing brief, defendant indicated that in addition to having his two one-year prior prison term enhancements stricken, he "wish[ed] to have additional aspects of his sentence addressed based on recent changes in law, such as Assembly Bill 124 (P.C. § 1170(b)(6), Senate Bill 567 (P.C.§ 1170 and 1170.1), and Senate Bill 81 (P.C. § 1385(b) [*sic*]."

In response, the prosecutor noted defendant's "perfunctory motion" failed to specify what additional aspects of his sentence he sought to change. After conceding that defendant was entitled to have his two one-year prior prison term enhancements stricken, the prosecutor argued defendant's sentence should otherwise remain unchanged. Specifically, the prosecutor requested the trial court refrain from dismissing any additional enhancements under section 1385, subdivision (c)(1) and (2).

In a supplemental sentencing brief, defendant requested the trial court strike his gang enhancements, citing Assembly Bill No. 333 (2021-2022 Reg. Sess.), and his firearm enhancements, citing Senate Bill No. 620 and section 1385, subdivision (a). Specifically, defendant stated, "Although the Court already considered the effects of Senate Bill 620 on [defendant's] case and declined to modify his sentence," he was "requesting the Court use its discretion to once again consider dismissing the gun enhancement in furtherance of justice." At no time did he argue imposition of the firearm enhancements would result in a sentence of greater than 20 years and that section 1385, subdivision (c) applied.

At the resentencing hearing, the prosecutor conceded dismissal of the gang enhancements and otherwise submitted on her briefing. The trial court asked defense counsel if she wished to be heard, and defense counsel declined. After striking the prior prison term enhancements and gang enhancements, the trial court declined to strike defendant's firearm enhancements, finding defendant's rehabilitative efforts and letters of

3

support did not overcome the fact that defendant shot a man, causing him to be a paraplegic. Defendant did not object. The trial court sentenced defendant to 32 years to life as follows: on count one, seven years to life plus 25 years to life for the section 12022.53, subdivision (c) firearm enhancement. On count two, the trial court imposed and stayed the middle term of three years plus the remaining enhancements.

Defendant timely appealed.

### DISCUSSION

*I. Defendant Forfeited His Section 1385, Subdivision (c)(2)(C) Claim*

Defendant contends the trial court abused its discretion in declining to dismiss his firearm enhancements because it failed to afford great weight under section 1385, subdivision (c) to the mitigating circumstance that imposition of these enhancements would result in a sentence of greater than 20 years under section 1385, subdivision (c)(2)(C). The People assert defendant forfeited this claim by failing to raise this argument below. We agree with the People and conclude defendant's claim is forfeited.

Section 1385 affords criminal defendants "the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) However, "complaints about the manner in which the trial court exercises its sentencing discretion … cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) Thus, "any failure on the part of a defendant to invite the court to dismiss under section 1385 … forfeits [the] right to raise the issue on appeal." (*Carmony,* at pp. 375-376; see *People v. Coleman* (2024) 98 Cal.App.5th 709, 724 (*Coleman*).)

At no time did defendant argue in mitigation that imposition of the firearm enhancements would result in a sentence of 20 years or greater under section 1385, subdivision (c)(2)(C), nor did defendant argue that the trial court should have given this mitigating circumstance great weight under section 1385, subdivision (c). Instead, defendant generally argued the trial court should dismiss his firearm enhancements under

4

section 1385, subdivision (a). This is insufficient to preserve a claim based on section 1385, subdivision (c). (*Coleman, supra,* 98 Cal.App.5th at pp. 724-725; *People v. Fruits* (2016) 247 Cal.App.4th 188, 208 ["[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct"].)

In his reply brief, defendant claims his request that the trial court strike his firearm enhancement in the interest of justice pursuant to section 1385 preserved his claim on appeal because "[t]his Court must presume the trial court knew the contents of new laws relating to that motion." We disagree. As discussed, defendant only sought relief under section 1385, subdivision (a), which is insufficient to put the trial court on notice that defendant was seeking to have his firearm enhancements dismissed under section 1385, subdivision (c)(2)(C). (*Coleman, supra,* 98 Cal.App.5th at pp. 724-725.) Even if it were, defendant also failed to object after the trial court issued its ruling, further forfeiting his claim on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion … cannot be raised for the first time on appeal"].) Accordingly, we conclude defendant's claim is forfeited.

 II. *The Trial Court Properly Sentenced Defendant to Seven Years to Life*

Defendant contends the trial court erred by sentencing him to seven years to life for attempted murder instead of imposing a life term and urges us to amend the abstract of judgment. We decline to do so.

Defendant correctly observes that the statutory sentence for willful, deliberate, and premeditated attempted murder under section 664 is life with the possibility of parole. This is an indeterminate sentence that does not specify a range. (§ 664, subd. (a); see *People v. Felix* (2000) 22 Cal.4th 651, 659.) However, a person sentenced to such a term cannot be paroled until he or she has served "at least seven calendar years" in prison. (§ 3046, subd. (a)(1).) Thus, sections 664, subdivision (a) and 3046, subdivision (a)(1) together contemplate an indeterminate life sentence with the possibility of parole after seven years, and not a minimum sentence of seven years. (See *People v. Robinson*

5

(2014) 232 Cal.App.4th 69, 72, fn. 3 ["A term of life with the possibility of parole does not have a minimum determinate term of seven years; rather, a person sentenced to such a term first becomes eligible for parole in seven years"].)

Courts and practitioners alike commonly describe indeterminate life sentences with minimum parole eligibility periods in terms of "x years to life." (See, e.g., *People v. Caballero* (2012) 55 Cal.4th 262, 265 [sentence for attempted murder committed for the benefit of a criminal street gang (§§ 664, 187, subd. (a), 186.22, subd. (b)(1)(C)) expressed as "15 years to life"]; *People v. Garcia* (2017) 7 Cal.App.5th 941, 948 [explaining that "the trial court sentenced defendant to 35 years to life as follows:  seven years to life for the attempted murder, plus a consecutive term of 25 years to life for the intentional discharge of a firearm enhancement, plus a consecutive term of three years for the great bodily injury enhancement"].)  Our Supreme Court considered the practice of including the minimum term of imprisonment in the pronouncement of an indeterminate life sentence in *People v. Jefferson* (1999) 21 Cal.4th 86, and determined that, "it is not improper for the trial court to include, as part of a defendant's sentence, the minimum term of confinement the defendant must serve before becoming eligible for parole." (*Id.* at p. 101, fn. 3; see *id.* at p. 99 ["section 3046 establishes a minimum term"].)

Although *Jefferson*'s brief discussion of the pronouncement of sentence was arguably dicta, our Supreme Court's dicta "should not be disregarded by an intermediate appellate court without a compelling reason." (*Lawler v. City of Redding* (1992) 7 Cal.App.4th 778, 784; see also *Howard Jarvis Taxpayers Assn. v. City of Fresno* (2005) 127 Cal.App.4th 914, 925 ["Even if the court's conclusions technically constitute dicta, we will not reject dicta of the Supreme Court without a compelling reason"].)  No such reason has been offered here.  Indeed, despite the People's reliance on *Jefferson*, defendant does not discuss *Jefferson*, let alone attempt to distinguish it.  We therefore follow *Jefferson* in concluding that the practice of describing indeterminate life sentences with minimum parole eligibility periods in terms of "x years to life" does not amount to

error.  Although it would have been more precise for the trial court to have imposed a sentence of life with the possibility of parole after seven years, the sentence here was "not improper" and communicated the significance of section 3046 in a way that could be easily understood by laypersons.  (*People v. Jefferson, supra,* 21 Cal.4th at p. 101, fn. 3.)  We leave defendant's sentence unchanged.

## DISPOSITION

The judgment is affirmed.


/s/
WISEMAN, J.*


We concur:


/s/
ROBIE, Acting P. J.


/s/
FEINBERG, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.